IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FILED
JOHN P. HEHMAN
CLERK

2014 MAR -5  PM 2:58

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

| | | |
|---|---|---|
| ALYSHIA PATE<br>1404 Madison Street<br>Morristown, TN 37814 | * | Case No **1:14CV194** |
| | * | |
| Plaintiff | * | J. DLOTT |
| | * | **COMPLAINT FOR<br>MONETARY DAMAGES AND<br>EQUITABLE RELIEF** |
| v. | * | |
| GENERAL ELECTRIC PENSION PLAN<br>1 Neumann Way<br>Cincinnati, OH | * | |
| | * | |
| And | * | |
| GENERAL ELECTRIC<br>SAVINGS & SECURITY PROGRAM<br>1 Neumann Way<br>Cincinnati, Ohio | * | |
| | * | |
| | * | |
| And | * | |
| | * | |
| GENERAL ELECTRIC COMPANY<br>1 Neumann Way<br>Cincinnati, OH | * | |
| | * | |
| Defendants | * | |

Plaintiff, through counsel, states the following as her Complaint:

### Nature of Action

1. This Complaint is brought by Plaintiff pursuant to the provisions of the Employee Retirement Income Security Act, 29 USC 1001 et seq. ("ERISA") for Defendants' refusal and failure to pay plaintiff benefits she is entitled to as the named beneficiary of an ERISA plan participant subsequent to the death of that participant.

## Jurisdiction and Venue

2. Plaintiff's claims arise under and are made pursuant to ERISA Sections 502, 29 USC 1132 and 503, 29 USC 1133.

3. This Court has jurisdiction over this action pursuant to ERISA Sections 502(e)(1), 29 U.S.C. 1132(e)(1) and 503(e)(1), 29 USC 1133(e)(1).

4. Venue is proper in this District pursuant to ERISA Sections 502(e)(2), 29 USC 1132(e)(2) and 503(e)(3), 29 USC 1133(e)(2) because this is a District where the ERISA Benefit Plan at issue was administered, where breaches of fiduciary duty took place and/or where one or more Defendants reside or may be found.

## The Parties and the Facts

5. Plaintiff is a resident of the State of Tennessee. She is the nephew of a gentleman named Wade O'Toole, who was employed by Defendant General Electric Company and its wholly owned subsidiary, General Electric Aviation ("GE") in Hamilton County, Ohio.

6. As a result of that employment Mr. O'Toole was a "participant", as defined by ERISA, in Defendants General Electric Pension Plan (the "Plan") and General Electric Savings and Security Program ("S&SP"), both benefit plans organized under and governed by ERISA.

7. The Plan and S&SP designated GE as their "administrator" as defined by ERISA and all Defendants are also "fiduciaries" as defined by ERISA.

8. Plaintiff was a "beneficiary" as defined by ERISA pursuant to a properly prepared and executed Beneficiary Designation executed by Mr. O'Toole and delivered to Defendants prior to his Death which directed Defendants to pay certain participant benefits to Plaintiff upon his death. Plaintiff had long been aware of this designation because Mr. O'Toole had no children and his wife pre-deceased him.

9. Upon Mr. O'Toole's death in June, 2012 Defendants notified Plaintiff that she was indeed the designated beneficiary of Mr. O'Toole and was therefore entitled to participant benefits owned by him at the time of his death, in particular approximately $97,000.00 in various General Electric stock funds, mutual funds and US Treasury Bonds. A copy of that notice is attached hereto as Exhibit A; all of these funds are governed by and subject to the rules and regulations of ERISA.

10. In response to that letter, Plaintiff promptly completed, signed and returned the forms provided her by Defendants to claim the benefits.

11. When she had not received a response or access to the benefits after several months she enquired as to the reason for the delay. She received no response to that inquiry.

12. She enquired again after another several months, this time through counsel. At that time, Defendants told her that her claim was "in review".

13. Since then she has either directly or through counsel repeatedly asked Defendants why the benefits have not been provided to her. She has received either no response or been told (verbally) that her claim was in review, Defendants have never responded in writing to her claim.

## DENIAL OF BENEFITS

### Count 1

### ERISA Sec. 502(a)

14. ERISA Sec. 502(a)(1)(B) provides beneficiaries such as plaintiff a cause of action against plans and plan administrators such as defendants for the denial of benefits and rights under an ERISA plan.

15. Plaintiff properly made a claim for the ERISA benefits she was entitled to as a result of Mr. O'Toole's death to Defendants.

16. Plaintiff has exhausted Defendant's administrative appeal process; among other things, they will not respond to her claim in writing and have consistently refused to provide any further information about her claim despite multiple requests by both her individually and through counsel.

17. Plaintiff has been denied the benefits she is entitled to.

18. Plaintiff is entitled to recover the accrued benefits of Mr. O'Toole's ERISA plan which is being held and administered by Defendants.

19. Plaintiff is further entitled to an order from the Court ORDERING Defendants to pay her the benefits she is entitled to immediately; for a judgment against Defendants in the amount of the current balance of the benefit plan she is entitled to, ; for an award of her attorney's fees and court costs incurred in bringing this matter, and such other relief, legal or equitable as the Court may order to ensure that she recovers the benefits she is entitled to.

## Count 2

### ERISA Sec. 503

20. ERISA Sec. 503 provides beneficiaries such as plaintiff a cause of action against plans and plan administrators such as defendants to enforce the duties they have to follow the procedural rules governing the administration of benefits under an ERISA plan.

21. Plaintiff properly made a claim for the ERISA benefits she was entitled to as a result of Mr. O'Toole's death to Defendants, in accord with all applicable procedural rules.

22. Defendants have denied Plaintiff the benefits she is entitled to and have not responded to her claim other than an oral statement that it was "under review"; have failed to provide a specific reason for a denial of the benefits; have not provided any written notice of the denial of the benefits; and have failed to fully and fairly review her claim; all in violation of not only ERISA's procedural rules, but their own procedural rules governing claims such as plaintiff's.

23. Plaintiff is entitled to recover the accrued benefits of Mr. O'Toole's ERISA plan which is being held and administered by Defendants.

24. Plaintiff is further entitled to an order from the Court ORDERING Defendants to pay her the benefits she is entitled to immediately; for an order from the Court remanding her claim to the plan to Defendants and ORDERING Defendants to make an immediate and proper review of her claim, following all applicable policies and procedures governing the administration of her claim; for an award of her attorney's fees and court costs incurred in bringing this matter, and such other relief, legal or equitable, as the Court may order to ensure that she recovers the benefits she is entitled to.

## Count 3

### ERISA Sec. 502(a)

25. ERISA Sec. 502(a) provides beneficiaries such as plaintiff a cause of action for breach of fiduciary duty against plans and plan administrators such as defendants for

failing and refusing to comply with requests for information from participants and beneficiaries within thirty days.

26. Plaintiff requested information from Defendants which she was entitled to under ERISA in June, 2012, specifically information relating to and the transfer of ERISA benefits payable to her resulting from the death of Mr. O'Toole.

27. Defendants are ERISA benefit plan fiduciaries, had a fiduciary duty to provide the requested information in writing to Plaintiff within thirty days and breached that duty. To date, they still have not responded to the requests for information, in writing or otherwise and such has acted as a denial of her claim for benefits.

28. Further, Defendants did not provide adequate notice in writing to plaintiff of her claim being denied, did not provide any specific reason or reasons for such denial, and did not afford a reasonable opportunity to Plaintiff for a full and fair review by Defendants of the decision denying the claim.

29. As a direct and proximate result of Defendants' breach of their fiduciary duties to Plaintiff, Plaintiff has been denied the benefits she became entitled to upon the death of Mr. O'Toole, approximately $97,000.00 in General Electric stock funds, mutual funds and US Treasury Bonds held in and by S&SP.

30. Plaintiff is entitled to an Order from the Court ORDERING Defendants to provide the requested information to her, immediately. She is further entitled to an Order from the Court finding Defendants in breach of their ERISA fiduciary duties to Plaintiff and an award of $100.00 per day for each day from the date Defendant's failure and/or refusal to provide requested information began, and such other relief as the Court deems proper, legal and equitable, to enforce the letter and purposes of ERISA against Defendants.

WHEREFORE, having stated her claims against Defendants fully, Plaintiff demands a judgment in her favor and against Defendants, jointly and severally, as follows:

In Count 1, Plaintiff demands a judgment from the Court ORDERING Defendants to pay her the benefits she is entitled to immediately; for a judgment against Defendants in the amount of the current balance of the benefit plan she is entitled to, approximately $97,000.00; for an award of her attorney's fees and court costs incurred in bringing this matter, and such other relief, legal or equitable as the Court may order to ensure that she recovers the benefits she is entitled to.

In Count 2, Plaintiff demands a judgment from the Court ORDERING Defendants to pay her the benefits she is entitled to immediately; for an order from the Court remanding her claim to the plan to Defendants and ORDERING Defendants to make an immediate and proper review of her claim, following all applicable policies and procedures governing the administration of her claim; for an award of her attorney's fees and court costs incurred in bringing this matter, and such other relief, legal or equitable, as the Court may order to ensure that she recovers the benefits she is entitled to.

In Count 3, Plaintiff demands a judgment from the Court ORDERING Defendants to provide a response to her claim for benefits, immediately. She is further entitled to an Order from the Court finding Defendants in breach of their ERISA fiduciary duties to Plaintiff and an award of $100.00 per day for each day from the date Defendant's failure and/or refusal to provide requested information began, and such other relief as the Court deems proper, legal and equitable, to enforce the letter and purposes of ERISA against Defendants.

Respectfully submitted,

BECKER & CADE

*[signature]*

Howard D. Cade III / 40187
526A Wards Corner Road
Loveland, OH 45140
(513) 683-2252 #143
(Fax) 683-2257
cade@fuse.net

Trial Attorney for Plaintiff