# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ALYSHIA PATE | CASE NO. 1:14-cv-194 |
| Plaintiff, | JUDGE SANDRA S. BECKWITH |
| v. | MAGISTRATE JUDGE STEPHANIE K. BOWMAN |
| GENERAL ELECTRIC PENSION PLAN, GENERAL ELECTRIC SAVINGS & SECURITY PLAN, AND GENERAL ELECTRIC COMPANY | **DEFENDANTS' ANSWER TO COMPLAINT** |
| Defendants. | |

Defendants answer the Complaint in the above-styled case as follows:

## FIRST DEFENSE

Defendants respond to the individually-numbered paragraphs in Plaintiff's Complaint as follows:

1. In response to the allegations contained in paragraph 1 of the Complaint, upon information and belief, Defendants admit only that Plaintiff brings this action pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Defendants deny the remaining allegations contained in paragraph 1 of the Complaint, and Defendants deny that Plaintiff is entitled to any relief in this matter.

2. In response to the allegations contained in paragraph 2 of the Complaint, upon information and belief, Defendants admit only that Plaintiff seeks relief under the sections of ERISA cited in paragraph 2 of the Complaint. Defendants deny that Plaintiff is entitled to any relief in this matter, and Defendants deny any remaining allegations contained in paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit this Court has jurisdiction over this matter. Defendants deny that Plaintiff is entitled to any relief in this matter and deny any remaining allegations contained in paragraph 3 of the Complaint.

4. In response to the allegations contained in paragraph 4 of the Complaint, Defendants admit only that venue in this District is proper. Defendants deny that any breaches of fiduciary duty took place in this matter, and Defendants deny any remaining allegations contained in paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in paragraph 6 of the Complaint.

7. In response to the allegations contained in paragraph 7 of the Complaint, Defendants admit that the administrator, within the meaning of ERISA, of the GE Pension Plan ("Plan") and of the GE Savings and Security Program ("S&SP") is General Electric Company. Defendants deny the remaining allegations contained in paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in paragraph 8 of the Complaint as pled. Defendants state that Wade O'Toole ("Mr. O'Toole") designated Plaintiff as the contingent beneficiary of his S&SP account balance in the Beneficiary Designation Form that he submitted to GE. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff "had long been aware of" Mr. Toole's beneficiary designation. Defendants deny any remaining allegations contained in paragraph 8 of the Complaint.

9. In response to the allegations contained in paragraph 9 of the Complaint, Defendants reference the June 26, 2012 letter to Plaintiff from GE Survivor Support & Services

as it is the best evidence of its contents. Defendants deny the allegations contained in paragraph 9 of the Complaint to the extent that they are in any way different from, misquote, or mischaracterize the contents of the June 26, 2012 letter. Defendants deny any remaining allegations contained in paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint as pled. Defendants state that Plaintiff submitted a GE Savings and Security Program Beneficiary Transfer Form that was received by GE Survivor Support & Services on or about July 23, 2012. Defendants deny any remaining allegations contained in paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the Complaint as pled. Defendants state that, in response to inquiries from Plaintiff, GE Survivor Support & Services informed Plaintiff it had received a request from another alleged beneficiary claiming entitlement to Mr. O'Toole's S&SP account balance and GE was reviewing the request from the competing beneficiary to determine who was the proper beneficiary of Mr. O'Toole's S&SP account balance. Defendants deny any remaining allegations contained in paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in paragraph 13 as pled. Defendants state that, in response to inquiries from Plaintiff, GE Survivor Support & Services informed Plaintiff verbally it had received a request for Mr. O'Toole's S&SP death benefit from another alleged beneficiary and GE was reviewing the request from the competing beneficiary to determine who was the proper beneficiary of Mr. O'Toole's S&SP account balance.

14. Paragraph 14 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit ERISA Section 502(a)(1)(B)

provides that a civil action may be brought by a plan beneficiary to recover benefits under an ERISA-governed plan. Defendants deny that Plaintiff is entitled to any relief in this matter and deny any remaining allegations contained in paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint as pled. Defendants state that Plaintiff submitted a GE Savings and Security Program Beneficiary Transfer Form dated July 20, 2012 related to Mr. O'Toole's account balance in the S&SP. Defendants deny any remaining allegations contained in paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the allegation contained in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint as pled. Defendants state that in response to the June 26, 2012 letter to Plaintiff from GE Survivor Support & Services, Plaintiff submitted a GE Savings and Security Program Beneficiary Transfer Form dated July 20, 2012 related to Mr. O'Toole's account balance in the S&SP. Defendants deny any remaining allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny that Plaintiff is entitled to any of the relief demanded in the prayer for relief contained on page 7 of the Complaint and deny that Plaintiff is entitled to any relief in this matter.

32. Defendants deny each allegation of the Complaint that has not been specifically admitted, denied, or otherwise controverted in this Answer.

Without assuming any burden of proof that would otherwise rest with Plaintiff, Defendants state below the following Defenses:

**SECOND DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted and must be dismissed.

**THIRD DEFENSE**

Plaintiff's claim for benefits in this case is barred because she has failed to exhaust available administrative remedies.

**FOURTH DEFENSE**

The Complaint fails to implead one or more indispensable parties.

**FIFTH DEFENSE**

Any remedy available to Plaintiff for an act or omission alleged in Complaint is limited solely to those afforded by ERISA. To the extent Plaintiff seeks remedies in this matter that are not afforded by ERISA, those remedies are improper.

**SIXTH DEFENSE**

Defendants assert any and all defenses available under ERISA, including the specific terms and provisions of the GE Savings and Security Program.

**SEVENTH DEFENSE**

Upon information and belief and to preserve any applicable defenses, Defendants assert that some or all of Plaintiff's claims are barred by the applicable statute of limitations and/or the doctrine of laches.

**EIGHTH DEFENSE**

Upon information and belief and to preserve any applicable defenses, Plaintiff's claims in this case are barred by the doctrine of estoppel.

**NINTH DEFENSE**

Defendants will rely upon all defenses lawfully available that may be disclosed by evidence and reserve the right to amend this Answer to state such other affirmative and additional defenses and/or to otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

WHEREFORE, Defendants demand that the claims against them raised in the Complaint be dismissed with prejudice, that judgment be entered in their favor, and that they recover their costs and expenses, including reasonable attorney fees, and such other and further relief to which they may be entitled at law or in equity or as this Court deems just and appropriate.

Respectfully submitted,

*/s/ Charles F. Billington*
Charles F. Billington (0083143)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
127 Public Square
4130 Key Tower
Cleveland, OH  44114
216.241.6100
216.357.4733 (Fax)
charles.billington@ogletreedeakins.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on June 16, 2014. Notice of this filing will be sent to all parties by either regular U.S. mail or by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Charles F. Billington*
Charles F. Billington (0083143)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
127 Public Square
4130 Key Tower
Cleveland, OH  44114
216.241.6100
216.357.4733 (Fax)
charles.billington@ogletreedeakins.com

*Attorney for Defendants*

18095931.3