UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ALYSHIA PATE | ) CASE NO. 1:14-cv-194 |
| | ) |
|     Plaintiff, | ) CHIEF JUDGE SANDRA S. BECKWITH |
| | ) |
| v. | ) MAGISTRATE JUDGE STEPHANIE K. |
| | ) BOWMAN |
| GENERAL ELECTRIC PENSION PLAN, | ) |
| GENERAL ELECTRIC SAVINGS & | ) **JOINT DISCOVERY PLAN** |
| SECURITY PLAN, AND GENERAL | ) (RULE 26(f) REPORT) |
| ELECTRIC COMPANY | ) (REQUIRED FORM) |
| | ) |
|     Defendants and of whom General Electric Company, as the Administrator of the GE Savings and Security Program, is Third Party Plaintiff, | ) |
| v. | ) |
| Rita Maupin | ) |
|     Third-Party Defendant. | ) |

Now come parties to this case, Alyshia Pate ("Ms. Pate") and General Electric Pension Plan, General Electric Savings & Security Plan, and General Electric Company (collectively, "GE") by and through their respective counsel, and hereby jointly submit to the Court this Joint Discovery Plan, pursuant to the Court's Trial Procedure Order. The parties conducted their discovery conference on <u>July 9, 2014</u>.

**A.**     **MAGISTRATE JUDGE CONSENT**

    The Parties:

    ☐    unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c)

1

☒ do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c)

☐ unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c), for trial purposes only, in the event that the District Judge assigned is unavailable on the date set for trial (e.g. because of other trial settings, civil or criminal)

B. **RULE 26(a) DISCLOSURES**

☐ The parties have exchanged pre-discovery disclosures required by Rule 26(a)(1)

☒ The parties will exchange such disclosures by: **August 15, 2014**

☐ The parties are exempt from disclosures under Rule 26(a)(1)(E).

NOTE: Rule 26(a) disclosures are <u>not</u> to be filed with the Court

C. **DISCOVERY ISSUES AND DATES**

1. Discovery will need to be conducted on the issues of:

    By way of background, in this matter, Plaintiff asserts a claim for benefits under ERISA claiming she is the sole beneficiary of the account balance of Wade O'Toole, a deceased participant in the GE Saving and Security Program ("S&SP"), a defined contribution retirement plan. On June 30, 2014, GE, as the administrator of the S&SP, filed a Third Party Complaint against Rita Maupin. Ms. Maupin also submitted a competing claim asserting that she is the sole beneficiary of Mr. O'Toole's S&SP account balance. In the Third Party Complaint, GE sought declaratory relief under ERISA Section 502(a)(3), 29 U.S.C. §1132(a)(3), requesting a finding by this Court (i) that Ms. Maupin is not the beneficiary, within the meaning of the terms of the S&SP and ERISA, of Mr. O'Toole's S&SP account balance, and (ii) as to whether Ms. Pate is the beneficiary, within the meaning of the terms of the S&SP and ERISA, of Mr. O'Toole's S&SP account balance. Until Ms. Maupin appears and the issues are joined in the Third Party Complaint, GE and Ms. Pate cannot state with certainty, what if any, discovery will be needed in this matter. At present, it appears that the Court may be able to make findings that Ms. Maupin is not the beneficiary, within the meaning of the terms of the S&SP and ERISA, of Mr. O'Toole's S&SP account balance, and as to whether Ms. Pate is the beneficiary, within the meaning of the terms of the S&SP and ERISA based on a stipulated record and in light of the terms of the S&SP, and that discovery will not be required.

    While GE and Ms. Pate have set forth herein their current thoughts concerning discovery and other litigation deadlines, if and when Ms. Maupin appears, it may

    be necessary for the parties to seek leave to modify their responses and proposed deadlines.

2. The parties recommend that discovery

   ☒ need not be bifurcated

   ☐ should be bifurcated between liability and damages

   ☐ should be bifurcated between factual and expert

   ☒ should be limited in some fashion or focused upon particular issues which relate to: *See* response to Section C.1 above.

3. Disclosure and report of Plaintiff(s) expert(s) by At present, Ms. Pate and GE do not anticipate naming expert witnesses in this matter.

4. Disclosure and report of Defendant(s) expert(s) by At present, Ms. Pate and GE do not anticipate naming expert witnesses in this matter.

5. Disclosure and report of rebuttal expert(s) by At present, Ms. Pate and GE do not anticipate naming expert witnesses in this matter.

6. Disclosure of non-expert (fact) witnesses At present, Ms. Pate and GE do not anticipate calling fact witnesses in this matter.

7. Discovery cutoff **November 30, 2014**

8. Anticipated discovery problems

   ☐ _____

   ☒ None (at present)

D. **IMITATIONS ON DISCOVERY**

1. Changes in the limitations on discovery

   ☐ Extension of time limitations (currently one day of seven hours) in taking of depositions to_____

   ☐ Extension of number of depositions (currently 10) permitted to

3

      ☐    Extension of number of interrogatories (currently 25) to

      ☒    Other: *See* response to Section C.1 above

      ☐    None

**E.**   **PROTECTIVE ORDER**

      ☐    A protective order will likely be submitted to the Court on or before

      ☒    The parties currently do not anticipate the need for a protective order. If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court. Such order will be in compliance with *Procter & Gamble Co. v. Bankers Trust Co.,* 78 F. 3d 219 (6th Cir. 1996)

**F.**   **SETTLEMENT**

A settlement demand __ has X has not been made.

A response __ has X has not been made

A demand can be made by: unknown at this time.

A response can be made by: unknown at this time.

**G.**   **MOTION DEADLINES**

    1.    Motion to amend the pleadings and/or add parties by July 30, 2014

    2.    Motions relative to the pleadings by July 30, 2014

    3.    Dispositive motions by December 31, 2014

4

**H.    OTHER MATTERS PERTINENT TO MANAGEMENT OF THIS LITIGATION**

*See* response to Section C.1 above

Respectfully submitted,

| | |
|---|---|
| */s/ Howard D. Cade (per email consent)* | */s/ Charles F. Billington* |
| Howard D. Cade III (0040187) | Charles F. Billington III (0083143) |
| Becker & Cade | Ogletree, Deakins, Nash, Smoak & Stewart, P.C. |
| 526A Wards Corner Road | 127 Public Square |
| Loveland, OH  45140 | 4100 Key Tower |
| (513) 683-2252 #143 | Cleveland, OH  44114 |
| (513) 683-2257 (Fax) | (216) 241-6100 |
| cade@fuse.net | (216) 357-4733 (Fax) |
| | charles.billington@ogletreedeakins.com |
| *Attorney for Plaintiff* | *Attorney for Defendants* |

18393956.1